IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-18-D
No. 5:15-CV-232-D

| | |
|---|---|
| DARNELL TYRECE HAYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On June 1, 2015, Darnell Tyrece Hayes ("Hayes") moved pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct his 210-month sentence [D.E. 58]. On July 24, 2015, Hayes filed an

amended motion to vacate [D.E. 61]. On September 21, 2015, the government moved to dismiss

Hayes's motion and filed a supporting memorandum [D.E. 63, 64]. On October 8, 2015, Hayes

responded in opposition [D.E. 66]. On January 5, 2016, Hayes filed a motion for counsel [D.E. 67].

As explained below, the court grants the government's motion to dismiss and denies Hayes's motion

for counsel.

I.

Hayes was a violent heroin dealer in Vance County, North Carolina and a member of the

Money Gang Mob. See Presentence Investigation Report ("PSR") [D.E. 31] ¶¶ 6–9, 15, 23, 24, 26,

28, 29. On April 30, 2013, pursuant to a written plea agreement [D.E. 28], Hayes pleaded guilty to

distributing a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). See [D.E.

27]; [D.E. 1]. On August 7, 2013, the court conducted Hayes's sentencing hearing and calculated

his advisory guideline range as 168 to 210 months' imprisonment based on a criminal history

category VI and a total offense level of 30. See Sentencing Tr. [D.E. 53] 4–17. After considering

all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Hayes's allocution, the court sentenced Hayes to 210 months' imprisonment. See id. 17–34.

On August 13, 2013, Hayes filed a notice of appeal. See [D.E. 44]. On June 2, 2014, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Hayes, 574 F. App'x 259, 259–60 (4th Cir. 2014) (per curiam) (unpublished). The Fourth Circuit rejected Hayes's argument that this court erred in classifying Hayes as a career offender under U.S.S.G. § 4B1.1. See id. Specifically, Hayes conceded that his conviction for discharging a weapon into occupied property constitutes a "crime of violence" under U.S.S.G. § 4B1.1. See Sentencing Tr. 8–9; cf. PSR ¶ 15. Hayes argued that his convictions for speeding to elude arrest with three aggravating factors and burning personal property were not "crimes of violence" under U.S.S.G. § 4B1.1. See Hayes, 574 F. App'x at 259–60. The Fourth Circuit held that Hayes's conviction for burning personal property qualified as arson and was categorically a crime of violence under section 4B1.1. Id. Thus, the Fourth Circuit held that Hayes was a career offender under U.S.S.G. § 4B1.1. See id. The Fourth Circuit declined to address this court's alternative analysis concerning Hayes's conviction for speeding to elude arrest with three aggravating factors or this court's alternative variant sentence. See id. at 260. Finally, the Fourth Circuit held that Hayes's sentence was reasonable. See id.

In Hayes's section 2255 motion, Hayes alleges that his counsel was constitutionally ineffective by (1) failing to file a petition for a writ of certiorari as directed and (2) failing to present mitigating evidence at sentencing. See [D.E. 58] 4–8. Hayes also alleges that this court erred in designating Hayes a career offender under U.S.S.G. § 4B1.1 and imposed a substantively unreasonable sentence. See id. at 8–10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a

2

complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective

3

assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the

4

term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

In order to demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. Because Hayes pleaded guilty, Hayes must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial. See Hill, 474 U.S. at 59.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

First, Hayes claims that counsel was constitutionally ineffective by failing to file a petition for writ of certiorari as directed. See [D.E. 58] 4–5. A defendant, however, has no constitutional right to assistance of counsel when petitioning the Supreme Court for discretionary review; therefore, counsel was not constitutionally ineffective. See, e.g., Ross v. Moffitt, 417 U.S. 600, 617–18 (1974); Devine v. United States, No. 5:07-CR-10-D, 2011 WL 1675089, at *1 (E.D.N.C. May 3, 2011) (unpublished) (collecting cases); cf. Strickland, 466 U.S. at 687. Thus, the court cannot grant relief to Hayes on this claim under section 2255. See Devine, 2011 WL 1675089, at *1 (collecting cases).

5

Hayes's first claim does implicate counsel's conduct after the entry of judgment in Hayes's appeal. Specifically, if Hayes believes that his counsel violated Hayes's rights under the Criminal Justice Act, 18 U.S.C. § 3006A and the Fourth Circuit's Plan in Implementation of the Criminal Justice Act ("Fourth Circuit CJA Plan"), Hayes may file a motion to recall the mandate with the Fourth Circuit. Id. (collecting cases); see Wilkins v. United States, 441 U.S. 468, 469–70 (1979) (per curiam); Proffitt v. United States, 549 F.2d 910, 912–13 (4th Cir. 1976). Before the Fourth Circuit will grant the extraordinary remedy of recalling its mandate, reentering its judgment, and appointing counsel to assist a prisoner with seeking review in the Supreme Court, the Fourth Circuit requires a district court to make findings concerning whether counsel violated the Criminal Justice Act and the Fourth Circuit's CJA Plan. See, e.g., United States v. Tejeda-Ramirez, 380 F. App'x 252, 254 (4th Cir. 2010) (per curiam) (unpublished); United States v. Joseph, 350 F. App'x 814, 815 (4th Cir. 2009) (per curiam) (unpublished); Proffitt, 549 F.2d at 912–13. Thus, this court addresses whether Hayes's counsel violated the Criminal Justice Act and the Fourth Circuit's CJA Plan.

The Fourth Circuit's CJA Plan provides:

Appellate Counsel: Every attorney . . . who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court. Where counsel has not been relieved:

If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.

If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to

6

withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.

Plan, Part V, § 2; see 18 U.S.C. § 3006A.

On June 24, 2014, the Fourth Circuit's mandate issued concerning the Fourth Circuit's

judgment of June 2, 2014. See [D.E. 56]. On July 1, 2014, in accordance with the Fourth Circuit's

CJA Plan, Hayes's counsel filed a motion to withdraw in the Fourth Circuit. See Defense Counsel's

Mot. to Withdraw [D.E. 41], United States v. Hayes, 574 F. App'x 259 (4th Cir. 2014) (No. 13-

4591). In the motion to withdraw, Hayes's counsel stated:

> NOW COMES the undersigned attorney and hereby respectfully requests the Court to allow him to withdraw as counsel for the Appellant, Darnell Hayes. In support of this Motion, the undersigned counsel would show unto the Court as follows:
>
> 1. The undersigned counsel has informed the Defendant-Appellant, in writing, of his right to petition the United States Supreme Court for a writ of certiorari.
> 2. The Defendant-Appellant has requested the undersigned to prepare a petition on his behalf.
> 3. The undersigned counsel believes that such a petition would be frivolous.
> 4. A copy of this motion has been served on the Defendant-Appellant notifying him of his right to file a response within seven (7) days.
>
> WHEREFORE, the undersigned respectfully requests this Court allow the undersigned to be relieved of the responsibility of filing a petition for writ of certiorari and withdraw as counsel.

See id.

On July 21, 2014, the Fourth Circuit granted Hayes's counsel's motion to withdraw and

relieved Hayes's counsel of the responsibility of filing a petition for writ of certiorari. See Order

[D.E. 43], United States v. Hayes, 574 F. App'x 259 (4th Cir. 2014) (No. 13-4591). The Fourth

Circuit served that order on Hayes at the United States Penitentiary Hazelton in West Virginia. See

id.

7

On July 27, 2014, Hayes wrote a letter to the Clerk of the Eastern District of North Carolina.

The clerk docketed the letter on August 1, 2014. See [D.E. 57]. Hayes told the clerk that his lawyer

had sent him forms about seeking certiorari, that Hayes did not understand the forms, and that Hayes

wanted counsel to file a certiorari petition. See id. Hayes also stated that he was in transit to FCI

Butner in North Carolina, that he tried to communicate with his counsel, but that he had not received

a response. See id.

On August 18, 2014, the Fourth Circuit docketed a letter from Hayes. See Appellant's Letter

[D.E. 47], United States v. Hayes, 574 F. App'x 259 (4th Cir. 2014) (No. 13-4591). Hayes wrote:

> Your office recently granted my lawyer['s] . . . motion to withdraw from my case.
> I asked him to file certiorari for me. However[,] I received a letter from your office stating
> that he is no longer my lawyer. I need a lawyer to pursue my case. How will [I] go about
> having counsel appointed?

Id. On August 18, 2014, the Fourth Circuit responded to Hayes and stated:

> We are in receipt of your papers in this case.
>
> This court's Local Rule 40(d) states that, except for timely petitions for rehearing en
> banc, cost and attorney fee matters, and other matters ancillary to the filing of an
> application for writ of certiorari with the Supreme Court, the office of the clerk shall
> not receive motions or other papers requesting further relief in a case after the court
> has denied a petition for rehearing or the time for filing a petition for rehearing has
> expired.
>
> Pursuant to the provisions of Local Rule 40(d), no further action will be taken in this
> matter by this court. A petition for writ of certiorari may be filed in the Office of the
> Clerk, Supreme Court of the United States, 1 First Street, NE, Washington, DC
> 20543-0001, within 90 days of this court's entry of judgment or, if a timely petition
> for panel or en banc rehearing was filed, denial of rehearing. Additional information
> on filing a petition for writ of certiorari is available on the Supreme Court's website,
> www.supremecourtus.gov, or from the Supreme Court Clerk's Office at (202) 479-
> 3000.

Local Rule 40(d) Notice [D.E. 48-1], United States v. Hayes, 574 F. App'x 259 (4th Cir. 2014) (No. 13-4591). Although the 90-day deadline had not expired, Hayes did not file a petition for writ of certiorari.

The court finds that Hayes's counsel complied with the Criminal Justice Act and the Fourth Circuit's CJA Plan. As reflected in counsel's motion to withdraw, after the Fourth Circuit's adverse ruling of June 2, 2014, Hayes's counsel informed Hayes in writing of his right to petition the Supreme Court for a writ of certiorari. See Defense Counsel's Mot. to Withdraw [D.E. 41], United States v. Hayes, 574 F. App'x 259 (4th Cir. 2014) (No. 13-4591). Hayes asked counsel to file a petition of certiorari, but counsel believed that such a petition would be frivolous. See id. Accordingly, in accordance with the Criminal Justice Act and the Fourth Circuits' CJA Plan, counsel filed a motion to withdraw with the Fourth Circuit, asked the Fourth Circuit "to allow the undersigned to be relieved of the responsibility of filing a petition for writ of certiorari and withdraw as counsel," and served a copy on Hayes. Id. On July 18, 2014, the Fourth Circuit granted counsel's motion to withdraw and relieved counsel of filing a petition for writ of certiorari. See Order [D.E. 43], United States v. Hayes, 574 F. App'x 259 (4th Cir. 2014) (No. 13-4591). Accordingly, counsel did not violate Hayes's rights under the Criminal Justice Act or the Fourth Circuit's CJA Plan.

In this court's view, the Fourth Circuit should not recall the mandate. Cf. Tejeda-Ramirez, 380 F. App'x at 254; United States v. Smith, 321 F. App'x 229, 231–33 (4th Cir. 2008) (per curiam) (unpublished), vacated, 556 U.S. 1279 (2009); Devine, 2011 WL 1675089, at *1. That decision, however, is for the Fourth Circuit to make, and Hayes may petition the Fourth Circuit to do so. If Hayes does so, he should attach a copy of this order.[1]

_____

[1] If the Fourth Circuit recalls the mandate and revisits Hayes's sentence, it arguably could address whether Hayes still qualifies as a career offender. Cf. United States v. Barlow, 811 F.3d 133,

9

Next, Hayes claims that counsel was constitutionally ineffective by failing to present mitigating evidence at sentencing. Counsel, however, did present mitigating evidence at sentencing. See Sentencing Tr. 19–21, 27; [D.E. 39]. Moreover, Hayes has failed to plausibly allege what additional mitigating evidence he believes counsel should have presented. Cf. PSR ¶¶ 1–76. Thus, Hayes has failed to plausibly allege deficient performance or prejudice. See, e.g., Premo v. Moore, 562 U.S. 115, 123–32 (2011); Hill, 474 U.S. at 57–59; Strickland, 466 U.S. at 687, 691–96; Dyess, 730 F.3d at 359.

As for Hayes's third and fourth claims, Hayes contends that this court erred in designating him a career offender under U.S.S.G. § 4B1.1 and imposed a substantively unreasonable sentence. Hayes, however, raised these two claims on direct review and lost. Hayes cannot use section 2255 to recharacterize and relitigate claims that he raised and lost on direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382– 396 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Alternatively, Hayes cannot use section 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015), to attack retroactively his designation as a career offender under section 4B1.1 of the Guidelines. Such a claim is not cognizable under section 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v.

_____

136 (4th Cir. 2015); United States v. Parral-Dominguez, 794 F.3d 440, 444–47 (4th Cir. 2015). It also could address the alternative variant sentence that this court announced at sentencing. Regardless of whether Hayes was a career offender under U.S.S.G. § 4B1.1, this court made clear at Hayes's sentencing that Hayes is an extraordinarily violent and dangerous criminal and this court would have imposed the same 210-month sentence. See Sentencing Tr. 17–33; cf. United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United Sates v. Hargrove, 701 F.3d 156, 163–64 (4th Cir. 2012).

Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999); see also Whiteside v. United States, 275 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Spencer v. United States, 773 F.3d 1132, 1138–44 (11th Cir. 2014) (en banc).

After reviewing the claims presented in Hayes's motion, the court finds that reasonable jurists would not find the court's treatment of Hayes's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 63], DENIES a certificate of appealability, and DENIES Hayes's motion for counsel [D.E. 67]. Hayes may file a motion with the Fourth Circuit to recall and reenter its mandate and attach a copy of this order to his motion.

SO ORDERED. This **24** day of March 2016.

JAMES C. DEVER III
Chief United States District Judge