IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-18-D

UNITED STATES OF AMERICA      )
                               )
                               )
              v.               )          **ORDER**
                               )
DARNELL TYRECE HAYES,          )
                               )
              Defendant.       )

On August 19, 2020, Darnell Tyrece Hayes ("Hayes" or "defendant") moved pro se for

compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b),

132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 81]. On March

25, 2021, Hayes, through counsel, moved for compassionate release and filed a memorandum and

documents in support [D.E. 86]. On April 8, 2021, the government responded in opposition [D.E.

88]. On June 7, 2021, Hayes filed a pro se supplemental memorandum in support of his motion

[D.E. 89]. As explained below, the court denies Hayes's motion.

I.

On April 30, 2013, pursuant to a written plea agreement, Hayes pleaded guilty to distribution

of a quantity of heroin. See [D.E. 1, 27, 28]. On August 7, 2013, the court held the sentencing

hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E.

40, 42, 43, 53]. After overruling Hayes's objections, the court calculated Hayes's total offense level

to be 30, his criminal history category to be VI, and his advisory guideline range to be 168 to 210

months' imprisonment. See [D.E. 43] 1; [D.E. 53] 6–17. After thoroughly considering all relevant

factors under 18 U.S.C. § 3553(a), the court sentenced Hayes to 210 months' imprisonment. See

[D.E. 42] 2; [D.E. 53] 17–31. The court also announced that if it had miscalculated the advisory

guideline range, it would impose the same sentence as an alternative variant sentence in light of the section 3553(a) factors. See [D.E. 53] 32. Hayes appealed [D.E. 43]. On June 2, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Hayes's sentence. See United States v. Hayes, 574 F. App'x 259, 260 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 54, 55].

On June 1, 2015, Hayes moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 58]. On March 24, 2016, the court dismissed Hayes's motion and denied a certificate of appealability [D.E. 69, 70]. Hayes appealed [D.E. 71]. On April 3, 2017, the Fourth Circuit dismissed Hayes's appeal. See United States v. Hayes, 683 F. App'x 223, 224 (4th Cir. 2017) (per curiam) (unpublished); [D.E. 75, 76]. On June 20, 2017, the Fourth Circuit denied Hayes's petition for rehearing and rehearing en banc [D.E. 78]. On October 30, 2017, the Supreme Court of the United States denied Hayes's petition for writ of certiorari. See Hayes v. United States, 138 S. Ct. 417 (2017).

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence

2

under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

_____

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)  Medical Condition of the Defendant.—

         (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

         (ii) The defendant is—

              (I) suffering from a serious physical or medical condition,

              (II) suffering from a serious functional or cognitive impairment, or

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not

---

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On June 7, 2020, Hayes submitted a request for home confinement, which the warden denied on June 9, 2020. See [D.E. 86] 3; [D.E. 86-2]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Hayes's claim on the merits.

Hayes seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

request, Hayes cites the COVID-19 pandemic, his age (43), his race, and his asthma. See [D.E. 86] 1, 4–5; [D.E. 86-1]. Hayes also cites the post-sentencing change in his career offender status in light of United States v. Barlow, 811 F.3d 133, 136 (4th Cir. 2015), his new advisory guideline range, his rehabilitation efforts, and his release plan. See [D.E. 86] 1, 5–6; [D.E. 89] 2–4, 7, 9–12.[3]

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Hayes states that he suffers from asthma, he has not demonstrated that he is not going to recover from this condition or that it cannot be treated while Hayes serves his sentence. Accordingly, reducing Hayes's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Hayes's asthma, Hayes's new advisory guideline range, Hayes's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Hayes's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

---

[3] Hayes's new advisory guideline range is 30–37 months' imprisonment based on a total offense level 12 and criminal history category VI. See [D.E. 86] 5; cf. United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); McCoy, 981 F.3d at 280–88.

6

Hayes is 43 years old and engaged in serious criminal conduct from 2011 to 2012 at age 34. See PSR ¶¶ 6–10. As a member of the Money Gang Mob, Hayes distributed marijuana and heroin. See id. Moreover, Hayes possessed a firearm and ammunition in connection with his drug trafficking and recounted committing an armed robbery during the drug deal. See id. Hayes also is an extremely violent recidivist with convictions beginning at age 17 and continuing until age 35 including, but not limited to, disorderly conduct, discharge weapon into occupied property, possession with intent to sell and deliver cocaine, resisting a public officer (four counts), felon in possession of a firearm, possession of stolen goods or property, escape from a local jail, burning personal property, assault with a deadly weapon, simple possession of Schedule VI controlled substances, possession of drug paraphernalia, assault on a female, and elude arrest in a motor vehicle with three aggravating factors. See id. ¶¶ 14–32. Hayes's violence includes discharging a weapon into an occupied vehicle (id. ¶ 15), setting fire to a mattress and bed linens in the Vance County Jail (id. ¶ 23), shooting a victim (id. ¶ 24), assaulting a female (id. ¶ 28), and fleeing from law enforcement in his vehicle at a high rate of speed before crashing (id. ¶ 29). Hayes also was a member of a notorious gang in Vance County that terrorized people within the community. Hayes has had numerous interactions with the criminal justice system, often received lenient treatment, but then promptly returned to serious and violent criminal activity while on supervision or probation. See id. ¶¶ 14–32. Nonetheless, Hayes has taken some positive steps while incarcerated and has no infractions. See [D.E. 86] 1, 5–6; [D.E. 89] 2–4, 9–12.

The court has considered Hayes's exposure to COVID-19, his medical condition, his rehabilitation efforts, his new advisory guideline range, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having

7

considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Hayes's arguments, the government's persuasive response, Hayes's prolonged and violent criminal history, and the need to punish Hayes for his serious criminal behavior, to incapacitate Hayes, to promote respect for the law, to deter others, and to protect society, the court declines to grant Hayes's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Hayes's request for home confinement, Hayes seeks relief under the CARES Act. See [D.E. 81, 86]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Hayes's request for home confinement.

II.

In sum, the court DENIES Hayes's motion for compassionate release [D.E. 86], and DISMISSES Hayes's request for home confinement.

SO ORDERED. This _11_ day of June 2021.

JAMES C. DEVER III
United States District Judge

8